# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | | |
|---|---|---|
| **JEREMY ANDREW THOMPSON** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 2:23-cv-200-HSO-BWR |
| | § | |
| **TRUSTMARK NATIONAL BANK** | § | **DEFENDANT** |

### ORDER OF DISMISSAL WITHOUT PREJUDICE FOR LACK OF SUBJECT-MATTER JURISDICTION

This matter is before the Court sua sponte to consider its subject-matter jurisdiction. After due consideration of the record and relevant legal authority, the Court finds that it lacks federal subject-matter jurisdiction and that Plaintiff Jeremy Anderew Thompson's claims should be dismissed without prejudice.

## I. BACKGROUND

On December 19, 2023, Plaintiff Jeremy Andrew Thompson ("Plaintiff" or "Thompson") filed a pro se Complaint [1] against Defendant Trustmark National Bank ("Defendant" or "Trustmark"), attempting to invoke this Court's subject-matter jurisdiction under 28 U.S.C. § 1332. *See* Compl. [1] at 1-3. It is not completely clear from the Complaint what claims Plaintiff is attempting to plead; he utilized a form "Complaint for a Civil Case Alleging Breach of Contract," *id.* at 1, and it did not appear that his claims arose under federal law, *see* 28 U.S.C. § 1331.

The Complaint alleged there was diversity jurisdiction, *see* Compl. [1] at 1, 3, but it stated that Plaintiff was a citizen of the State of Mississippi, and that Defendant Trustmark was a corporation that was incorporated under the laws of Mississippi with its principal place of business in Mississippi, *id.* at 3.  Because Thompson and Trustmark were both alleged to be Mississippi citizens, complete diversity of citizenship was plainly lacking.  *See id.*; 28 U.S.C. § 1332(c)(1).[1]  And because no other jurisdictional basis was apparent from the face of the Complaint, *see* Compl. [1], the Court entered an Order [4] requiring Plaintiff to show cause why this civil action should not be dismissed without prejudice for lack of subject-matter jurisdiction, *see* Order [4].

Plaintiff filed a Response [5] to the Order [4] and an Amended Complaint [6], which, other than their titles, are virtually identical.  *Compare* Resp. [5], *with* Am. Compl. [6].  Plaintiff again states that he is "alleging breach of contract," but he now asserts there is federal question jurisdiction under 28 U.S.C. § 1331.  Am. Compl. [6] at 1 (emphasis removed).  The Amended Complaint [6] recites a litany of provisions from the United States Code, the Uniform Commercial Code, and the United States Constitution, and makes a conclusory statement that this Court has jurisdiction.  *See id.* at 2-4.  The Amended Complaint [6] separately makes factual

---

[1] To the extent Trustmark may be a "national banking association," it is deemed a citizen of the State in which is "located," 28 U.S.C. § 1348, which is "the State designated in its articles of association as its main office," *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).  The record does not disclose this information, and it was Plaintiff's burden to establish diversity jurisdiction.  *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

2

allegations concerning the alleged breach of contract, and it demands compensatory, liquidated, and punitive damages against Trustmark.  *See id.* at 4-5.

## II.  DISCUSSION

A.  Relevant legal authority

Federal courts are of limited jurisdiction and are "duty-bound to examine the basis of subject matter jurisdiction sua sponte . . . ."  *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) (quotation omitted).  A federal court must presume that a suit lies outside of this limited jurisdiction, and the burden of establishing federal jurisdiction rests with the party seeking the federal forum, which here is Plaintiff.  *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Federal district courts have jurisdiction over cases involving federal questions, which are those "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

When a state-law claim is asserted, "original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law."  *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 13 (1983).  But "the

3

mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

Under the complete-preemption doctrine, "the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar Inc.*, 482 U.S. at 393 (quotation omitted). If an area of state law has been completely preempted, a claim purportedly based on the preempted state law is considered a federal claim and thus arises under federal law. *Id.*

The National Bank Act (the "NBA"), 12 U.S.C. § 21, et seq., governs the business activities of national banks and "is intended to protect national banks against intrusive regulation by the states and facilitate a national banking system." *Johnson v. BOKF Nat'l Ass'n*, 15 F.4th 356, 359 (5th Cir. 2021). Under the NBA certain state laws are preempted by the grants of powers to national banks. *See, e.g., Barnett Bank of Marion Cnty., N.A. v. Nelson*, 517 U.S. 25, 32-33 (1996) (collecting cases). However, Plaintiff has not alleged the violation of any such state laws.

B.   <u>Analysis</u>

Based upon allegations in the original Complaint [1], diversity jurisdiction pursuant to 28 U.S.C. § 1332 is lacking, *see* Compl. [1], and Plaintiff did not invoke diversity jurisdiction in his Amended Complaint [6], *see* Am. Compl. [6]. Although the Amended Complaint [6] purports to invoke federal question jurisdiction by

4

listing a host of federal statutes and the United States Constitution, article I, those references are untethered to the facts pled, and the Amended Complaint [6] fails to plead specific facts stating how Defendant's actions or inactions relate to these statutes or provisions. *See id.* at 2-5.

Many of the provisions quoted are simply definitions, and most appear to be wholly irrelevant to Plaintiff's factual allegations. *See id.* Even if somehow marginally relevant to Plaintiff's claims, most of the statutes he cites afford no private right of action. *See id.*; *Merrell Dow Pharms. Inc.*, 478 U.S. at 813 (holding that "when Congress has determined that there should be no private, federal cause of action for the violation," a complaint alleging a violation of a federal statute as an element of a state cause of action "does not state a claim 'arising under the Constitution, laws, or treaties of the United States" (quoting 28 U.S.C. § 1331)).[2]

---

[2] *See, e.g., Rhodes v. McCall-N Ltd*, No. 4:21-CV-04221, 2022 WL 3349229, at *5 (S.D. Tex. July 27, 2022), *report and recommendation adopted*, No. 4:21-CV-04221, 2022 WL 3349222 (S.D. Tex. Aug. 11, 2022), *appeal dismissed sub nom. Rhodes v. Nissan,* No. 22-20623, 2023 WL 3737822 (5th Cir. Jan. 11, 2023) (recommending that the plaintiff's claim under 12 U.S.C. § 83 be dismissed it does not provide a private right of action); *Escobar v. All. Credit Union*, No. 5:23-CV-125-H-BQ, 2023 WL 8720903, at *3-4 (N.D. Tex. Nov. 30, 2023), *report and recommendation adopted*, No. 5:23-CV-125-H-BQ, 2023 WL 8720693 (N.D. Tex. Dec. 18, 2023) (finding no private cause of action existed under 12 U.S.C. § 1431 that would provide subject-matter jurisdiction); *Payne v. Spectrum*, No. SA-23-CV-01313-XR, 2023 WL 8681199, at *2 (W.D. Tex. Dec. 15, 2023) (recognizing that "district courts across the country have repeatedly rejected attempts to invoke [Section 16 of the Federal Reserve Act] as a private cause of action," which is codified at 12 U.S.C. §§ 411 and 412); *see also, e.g., Thompson v. St. Nicholas Nat. Bank*, 146 U.S. 240, 251 (1892) ("[I]t has been held repeatedly by [the Supreme Court] that where the provisions of the national banking act prohibit certain acts by banks or their officers, without imposing any penalty or forfeiture applicable to particular transactions which have been executed, their validity can be questioned only by the United States, and not by private parties."). The Amended Complaint [6] also cites 18 U.S.C. § 8, *see* Am. Compl. [6] at 2, which defines the term "obligation or other security of the United States" as part of the United States criminal code, 18 U.S.C. § 8. Statutes that provide for criminal penalties, but do not allow for civil enforcement, cannot be the basis of federal question jurisdiction in a civil lawsuit. *See, e.g.,*

5

The Amended Complaint [6] also references two sections of article I of the United States Constitution concerning Congressional power and states' inability to perform certain acts which are simply not relevant here, and it is evident from the Amended Complaint [6] that Plaintiff is not asserting any constitutional claims against Defendant. *See* Am. Compl. [6] at 4 (citing U.S. Const. art. I, §§ 8 & 10). Moreover, the Amended Complaint [6] seeks only monetary damages, and there is no allegation that Defendant is a state actor, which would be necessary for Plaintiff to pursue damages for a constitutional violation, *see id.* at 4-5; 42 U.S.C. § 1983; *see also, e.g., Bailey v. Harleysville Nat'l Bank & Tr.*, 188 F. App'x 66, 68 (3d Cir. 2006) (holding that "the Bank is not a state actor by virtue of its regulation by the government and participation in the federal reserve system and Federal Deposit Insurance Corporation").

Plaintiff also cites various provisions of the Uniform Commercial Code (the "UCC"). *See* Am. Comp. [6] at 2-4. But the UCC is not a federal law and cannot form the basis of federal question jurisdiction. *See* 28 U.S.C. § 1331; UCC § 1-101, et seq.; *see also, e.g., Zella v. Harris Cnty. Appraisal Dist.*, No. CV H-14-3385, 2014 WL 12600058, at *2 (S.D. Tex. Dec. 29, 2014) ("[T]he Uniform Commercial Code is

---

*Stringer v. Frito-Lay Corp.*, No. 22-60518, 2023 WL 5235217, at *3 (5th Cir. Aug. 14, 2023). Plaintiff does cite three definitions set forth in the Truth in Lending Act ("TILA") for "credit," "creditor," and "consumer," *see* Am. Compl. [6] at 2 (citing 15 U.S.C. §§ 1602(f), (g), (i)), and TILA does contain a private right of action for damages for certain violations, *see* 15 U.S.C. § 1640. But the Amended Complaint [6] does not cite any provision of TILA that was allegedly violated and for which there is a private right of action, nor does it contain sufficient factual allegations to state a claim that Defendant violated any of the provisions of TILA for which damages may be recovered. *See id.*; Am. Compl. [6].

6

not a federal statute; thus, the court lacks federal question jurisdiction under 28 U.S.C. § 1331.").

Having reviewed the Amended Complaint [6] as a whole, its allegations are plainly insufficient to state a claim arising under federal law, *see* Am. Compl. [6] at 1, 4-5, and despite being given an opportunity to show why his claims should not be dismissed for lack of subject-matter jurisdiction, *see* Order [4], Plaintiff has not done so. Nor has he attempted to argue that his state-law claims would somehow be preempted by federal law. *See* Resp. [5]; Am. Compl. [6]; *see also, e.g., Silva v. BOKF, NA*, No. 4:21-CV-210, 2021 WL 1998688, at *3 (E.D. Tex. May 19, 2021) (collecting cases holding that state contract and other claims related to theft from a trust fund by the trustee were not preempted by the NBA or the Office of the Comptroller of the Currency's ("OCC's") regulations and holding that, "[w]ith no argument and no legal support, [the plaintiff] does not meet his burden to establish jurisdiction").

Simply put, Plaintiff has not shown that his claims arise under any of the federal laws he cites, and his passing references to various federal authorities, without any well-pled federal claims, are insufficient to demonstrate federal question jurisdiction. *See* Am. Compl. [6] at 2-5; 28 U.S.C. § 1331; *Caterpillar Inc.*, 482 U.S. at 392. In sum, Plaintiff has not carried his burden of demonstrating that the Court possesses subject-matter jurisdiction over his claims.

7

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Amended Complaint [6] is **DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction**.

**SO ORDERED AND ADJUDGED**, this the 29th day of January, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE